IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DUEWAYNE SNYDER, SR.,**

**Plaintiff,**

v.

**TRIHYDRO CORPORATION,**

**Defendant.**

Case No. 3:23-CV-03152-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Duewayne Snyder, Sr., and Defendant Trihydro's Joint Motion to Consolidate Cases and Reassign Matter to Track C. (Doc. 35). The parties in this case seek to consolidate this action with a related case also assigned to the undersigned District Judge, *Duewayne Snyder, Sr. v. Chevron Environmental Management Corporation*, No. 3:23-CV-03738-NJR. Trihydro also moves for leave to file a Complaint for Contribution against Entact, LLC—Snyder's employer at the time of the underlying incident—and to stay the scheduling order pending resolution of these motions. (Docs. 38, 39).

As to the request for consolidation, Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what

extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). The underlying purpose of a Rule 42(a) consolidation is promotion of judicial efficiency, but not when prejudice caused to any party outweighs it. *McKnight v. Ill. Cent. R.R. Co.*, No. 09-cv-201, 2009 WL 1657581, at *1 (S.D. Ill. June 12, 2009) (citing *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)); *see, e.g., King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (concluded the district court abused its discretion by consolidating cases with different plaintiffs involving different allegations and time frames); *c.f. Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) (indicating that, in appropriate circumstances, a court may consolidate cases "whether or not the parties want the cases consolidated").

The Court finds it would promote judicial efficiency to consolidate these two cases. The cases involve common issues of law and fact, and each complaint contains nearly identical operative facts and allegations. Both cases were filed by Snyder and concern an incident of electrocution on an environmental cleanup worksite on November 17, 2021. The defendants in each case are two separate contractors that Snyder alleges were responsible for his ultimate injuries. The Seventh Circuit has encouraged district courts to consolidate such related cases. *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").

Furthermore, both cases are in the beginning phases of discovery, which will necessarily overlap in each case. In light of the commonality between these two cases and the involvement of the same plaintiff and related defendants, it would be a waste of

resources—especially judicial resources and the parties' resources—to proceed separately.

For the reasons set forth above, the Court **GRANTS** the Motion to Consolidate filed jointly by Snyder and Trihydro. (Doc. 35). In its discretion, the Court **CONSOLIDATES** *Duewayne Snyder, Sr. v. Trihydro Corporation*, No. 3:23-CV-03152-NJR, and *Duewayne Snyder, Sr. v. Chevron Environmental Management Corporation*, No. 3:23-CV-03738-NJR, pursuant to Rule 42(a). The consolidation is for purposes of pre-trial matters and trial. As the practice in this District is to consolidate into the lower numbered case, 3:23-CV-03152-NJR shall constitute the lead case, and every filing in the consolidated case shall denote this lead case number. Case No. 3:23-CV-03738-NJR is administratively closed due to consolidation.

Snyder and Trihydro simultaneously request that the case be reassigned to Track C. Now with multiple defendants, the extensive injuries alleged, and the complex subcontractor relationships involved, the Court finds reassignment to Track C, with a longer discovery window, appropriate. Such request is **GRANTED**, and this newly consolidated case is reassigned to Track C.

Trihydro also seeks leave to file a Complaint for Contribution against Entact, LLC. (Doc. 38). Under Federal Rule of Civil Procedure 14(a), a defendant must obtain leave from the court to file a third-party complaint if more than 14 days have elapsed since the defendant filed its original answer. FED. R. CIV. P. 14(a)(1). That is the case here, as Trihydro seeks to file a third-party complaint five months after filing its answer. Trihydro filed its motion for leave by the deadline listed in the original scheduling order for

commencement of third-party actions. (Doc. 29-1). As such, the Court **GRANTS** Trihydro's Motion for Leave to File its Complaint for Contribution (Doc. 38). Trihydro must file its complaint for contribution on or before **October 17, 2024**.

Given its determination that consolidation is warranted, the Court orders all parties to confer and submit a joint report and proposed scheduling order aligned with Track C that incorporates all parties to the case. All deadlines will be reset. The Court will set a scheduling conference by separate order, and the joint report of the parties will be due to the undersigned's proposed documents email seven days before that conference. As such, the Motion to Stay the Scheduling Order (Doc. 39) is **DENIED as moot.**

**IT IS SO ORDERED.**

DATED:   October 3, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**