## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUEWAYNE SNYDER, SR. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRIHYDRO CORPORATION, ) <br> ) <br> Defendant. ) <br> ) <br> TRIHYDRO CORPORATION, ) <br> ) <br> Third Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ENTACT, LLC ) <br> ) <br> Third Party Defendant. ) | Case No. 3:23-CV-3152-NJR |

### DEFENDANT TRIHYDRO CORPORATION'S
### COMPLAINT FOR CONTRIBUTION AGAINST ENTACT, LLC

NOW COMES the Defendant/Third Party Plaintiff, **TRIHYDRO CORPORATION** ("TRIHYDRO"), by and through its attorneys, Thomas A. Carton of BULLARO & CARTON, P.C., and for its third party complaint for contribution against ENTACT, LLC ("ENTACT"), states and alleges as follows:

1. On September 19, 2023, the Plaintiff, DUEWAYNE SNYDER, SR. ("Plaintiff") filed a complaint against TRIHYDRO under cause number 3:23-CV-3152-NJR in the United States District Court for the Southern District of Illinois [Doc. 1] and, on February 27, 2024, the Plaintiff filed his First Amended Complaint ("Complaint") [Doc. 34]. The Complaint filed by the Plaintiff is of record in this matter and is incorporated herein by reference.

1

2. TRIHYDRO has answered the Plaintiff's Complaint and has denied all material allegations of fault contained therein.

3. At all relevant times, ENTACT was a limited liability company existing under the laws of Delaware that was licensed and doing business within the State of Illinois. Upon information and belief, ENTACT is headquartered in the State of Illinois. The citizenship of ENTACT, as a third party defendant not directly sued by the Plaintiff, is irrelevant to the existence of diversity jurisdiction in this matter.

4. The Plaintiff's Complaint alleges that on or after 2011, Texaco Corporation contracted with Chevron Environmental Management Company ("CEMC") to oversee and manage environmental cleanup work being performed at the old Indian Refinery in Lawrenceville, Lawrence County, Illinois ("Worksite").

5. During a period of time including November 17, 2021, ENTACT was a prime contractor of CEMC performing environmental remediation work at the Worksite.

6. Upon information and belief, on November 17, 2021, the Plaintiff was an employee of ENTACT performing work involving the marking of high voltage power lines with visibility fencing ("Work").

7. Upon information and belief, on or about November 17, 2021, while performing the Work, the Plaintiff sustained injuries and damages while on the Worksite arising out of an incident in which he was electrocuted.

8. Upon information and belief, at the time and place of the Plaintiff's injuries, the Plaintiff was working within the course and scope of his employment by ENTACT.

9. At all relevant times, the Plaintiff was working at the Worksite under the direction, supervision, and control of ENTACT and ENTACT had sole control over the means and methods of the Plaintiff's Work.

10. At the time and place of the Plaintiff's injuries, the Plaintiff was using the materials, equipment, and/or personal protective equipment of ENTACT and/or supplied to him by ENTACT.

11. At all relevant times, ENTACT owed the Plaintiff a duty to use reasonable care so as to not injure him including, but not limited to, the following duties: to train, to supervise, to provide adequate equipment, to provide adequate clothing, to provide adequate safety, to provide a safe workplace, to provide a safe premises, to use reasonable care in the operation or use of all equipment and vehicles, and to warn of unsafe conditions.

12. On November 17, 2021, in breach of its duty to exercise reasonable care for the safety of the Plaintiff, ENTACT, by and through its agents and/or employees, was guilty of one or more of the following acts or omissions:

    a. failed to properly supervise the Plaintiff's Work being performed on the Worksite;
    b. failed to properly manage the Plaintiff's Work activities being performed on the Worksite;
    c. failed to properly coordinate the Plaintiff's Work being performed on the Worksite;
    d. failed to properly inspect the Plaintiff's Work being performed on the Worksite;
    e. failed to warn the Plaintiff of dangerous conditions on the Worksite;
    f. failed to maintain the Worksite in a reasonably safe manner;
    g. failed to ensure that the Plaintiff, working or present on the Worksite in the vicinity of high voltage lines, used appropriate and necessary materials, equipment and/or personal protective equipment to safely and properly perform the Work;
    h. failed to provide proper training and education to the Plaintiff to perform the Work;
    i. failed to properly de-energize the power lines upon which the Plaintiff was performing the Work;
    j. failed to train and instruct the Plaintiff in the recognition and avoidance of unsafe conditions on the Worksite while performing the Work;
    k. entrusted high voltage power line Work to the Plaintiff whom ENTACT knew or in the exercise of ordinary care should have known was not capable of safely and properly performing said Work in a reasonably safe manner;

    l.    failed to verify that the power lines upon which the Plaintiff was performing the Work were de-energized;

    m.    failed to follow its corporate electrical safety plan and lock out tag out plan during the Work;

    n.    failed to perform a safety hazard risk assessment prior to permitting the Plaintiff to perform the Work;

    o.    failed to prevent an energized jumper wire from being in contact with or in proximity to the line upon which the Plaintiff was performing the Work, thereby energizing the line;

    p.    failed to warn the Plaintiff that an energized jumper wire was in contact with or proximity to the line upon which the Plaintiff was performing the Work, thereby energizing the line;

    q.    failed to contract or consult with a qualified, certified electrician and/or lineman to perform the Work;

    r.    otherwise failed to exercise reasonable care to prevent heavy construction equipment from impacting laboring workers when it knew or in the exercise of ordinary care should have known that such hazards existed on the Worksite.

13. As a direct and proximate cause of one or more of the foregoing acts or omissions of ENTACT, the Plaintiff sustained the injuries and damages complained of in his Complaint.

14. At all relevant times, there was in full force and effect a certain statute in the State of Illinois known as 740 ILCS 100/1 *et seq.*, which provides as follows:

> "Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them."

15. In the event that TRIHYDRO is found liable to the Plaintiff for the injuries and damages sustained by him, which liability is specifically denied, then TRIHYDRO is entitled to contribution from ENTACT due to its aforesaid negligent acts and/or omissions on the basis of the relative degree of culpability of ENTACT which proximately caused or contributed to cause the injuries and damages allegedly sustained by the Plaintiff in accordance with the Illinois Contribution Act, 740 ILCS 100/2 *et seq.*

WHEREFORE, the Defendant/Third Party Plaintiff, TRIHYDRO CORPORATION, prays that if Plaintiff recovers a judgment against it by virtue of his Complaint that TRIHYDRO

CORPORATION then be granted a judgment against Third Party Defendant, ENTACT, LLC, for contribution in the amount equal to the sum which represents the relative degree of culpability of said Third Party Defendant which proximately caused the injuries and damages allegedly sustained by Plaintiff in accordance with the Illinois Contribution Act.

                                                Respectfully submitted,

                                                **BULLARO & CARTON, P.C.**

                                                By:   */s/ Thomas A. Carton*
                                                          Thomas A. Carton

Atty #3122259
Thomas A. Carton
BULLARO & CARTON. P.C.
203 North LaSalle Street, 21st Floor
Chicago, Illinois 60601
Phone: (312) 831-1000
Fax:    (312) 831-0647
Email: tcarton@bullarocarton.com