IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF ILLINOIS

| | |
|---|---|
| DUEWAYNE SNYDER, SR., | ) |
| | ) |
| Plaintiff, | ) Case No. 3:23-CV-3152-NJR |
| | ) |
| vs. | ) |
| | ) |
| TRIHYDRO CORPORATION and | ) |
| CHEVRON ENVIRONMENTAL MANAGEMENT | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) Jury Trial Demanded All Counts |

FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Duewayne Snyder, Sr., by and through his undersigned counsel, and for his First Amended Complaint states as follows:

JURISDICTION AND VENUE

1.  The plaintiff, Duewayne Snyder Sr, is a resident and citizen of the State of Illinois.

2.  The defendant, Trihydro Corporation (hereinafter "Trihydro" or "defendant"), is incorporated and has its principal office in the State of Wyoming.

3.  The defendant, Chevron Environmental Management Company (hereinafter "CEMC" or "defendant"), is incorporated and has its principal office in the State of California.

4.  The amount in controversy between the parties exceeds the sum of $75,000.00.

5. Jurisdiction with this court is through diversity of citizenship of the parties under Section 1332(A)(1) of the Federal Rules of Civil Procedure.

6. The event give rise to plaintiff's cause of action herein occurred in Lawrenceville, Lawrence County, Illinois.

7. Venue is proper with in the United States District Court for the Southern District of Illinois pursuant to Section 1391(b)(2).

## Facts Common to All Counts

8. As of November 17, 2021, the old Indian Refinery – Texaco petroleum refinery in Lawrenceville, Lawrence County, Illinois, ("the site") was a Superfund Site undergoing environmental cleanup work of the site.

9. On or after 2011, Texaco Corporation contracted with the defendant, Chevron Environmental Management Company ("CEMC", to oversee and manage as the general contractor the environmental cleanup work at the aforementioned refinery.

10. Before November 17, 2021, CEMC contracted with Trihydro Corporation of Laramie, Wyoming, and Entact LLC of Illinois, to perform environmental cleanup work and of the site including but not limited to: management responsibilities, safety duties and responsibilities, coordination of work performed, overseeing work performed and approving work permits and projects.

11. At all time relevant herein, the defendant, by and through its employees and agents, had the authority, and exercised the authority from time to time, with right of control of the work performed by the defendant's contractors, including the right to inspect the work, coordinate the work, schedule the work, start the work, stop the work, direct the work, change the work, modify the work, coordinate and conduct job safety meetings, oversee job safety progress, enforce safety rules, and stop unsafe work practices.

12. Before November 17, 2021, the defendant contracted with Entact LLC to perform environmental remediation work at the site such as removal of contaminated dirt, removal of pipes, removal of tanks and the use of, and maintenance of, heavy equipment.

13. On or before November 17, 2021, the plaintiff was an employee of Entact LLC where the plaintiff's duties included the aforementioned environmental remediation at the site.

14. On November 17, 2021, the defendant directed Entact LLC to replace, repair and/or reposition orange colored fencing markers over a refinery high voltage powerline where the orange-colored fencing was allegedly to serve the purpose of warning truck drivers below of the overhead power line and height of the line.

15. On November 17, 2021, in the morning, the defendant directed Entact LLC and the plaintiff to work in a manlift or aerial lift to replace, repair and/or reposition the orange fencing over a high voltage powerline when the plaintiff was electrocuted causing the injuries and damages to the plaintiff hereinafter alleged.

COUNT I
Negligence v. Trihydro Corp.

COMES NOW Plaintiff, by and through his counsel and for Count I of his First Amended Complaint against defendant Trihydro, states:

1. – 15. Plaintiff hereby adopts and incorporates the allegations 1 through and including 15 in the preceding paragraphs as and for paragraphs 1 through and including 15 of Count I of his Amended Complaint.

16. On November 17, 2021, the defendant had the duty and responsibility to exercise reasonable care in its control over the means, methods, and safety of the plaintiff's work for the protection of the plaintiff while the plaintiff was performing the replacement, repair and/or repositioning of the orange fencing over a high voltage powerline.

17. On November 17, 2021, the defendant, through its employees and agents, failed to exercise its control with ordinary care in one or more of the following respects:

a. After the defendant's employee on site attempted to open the manual hand break disconnect switch, the defendant failed to verify that the high voltage powerline the plaintiff was working around was at zero-energy through the use of an adequately rated test instrument such as a hot stick voltage detector;

b. After the defendant's employee on site attempted to open the manual hand break disconnect switch, the defendant failed to obtain zero-energy on the high voltage powerline the plaintiff was working around by attaching industry standard temporary protection grounding jumper cables;

c. Directed and ordered an electrically unqualified contractor, Entact LLC, and Entact's employees, plaintiff, to perform work near a high voltage power line when the defendant knew, or should have known, that Entact's workers such as the plaintiff were not certified electricians or linemen and were not qualified to work near high voltage powerlines;

d. The defendant did not follow its own Corporate Electrical Safety Plan and the LOTO Plan (lock out tag out plan) by directing and ordering Entact LLC to perform work near a high-voltage powerline when defendant knew or should have know that Entact and its

employees, including plaintiff, were not qualified to perform such work;

e. Directed and ordered Entact LLC to place an overhead orange fencing marker on an energized high-voltage powerline when the use of such a fence marker was unnecessary at the site;

f. Failed to contract with a qualified electrician and/or lineman to perform the aforementioned work near a high voltage powerline;

g. Failed to prevent a jumper line associated with the aforementioned high voltage powerline, and located near the aforementioned manual hand break disconnect switch, from touching the electrical pole's adjacent mental bracket which hazardously energized the powerline the plaintiff was working around when the defendant knew, or should have known through prior visual inspection, of the dangerous positioning of the jumper line to the pole's metal bracket, thus putting the plaintiff in mortal danger;

h. Failed to warn the plaintiff that a jumper line associated with the aforementioned high-voltage powerline was hazardously energized and touching the adjacent electrical pole's metal bracket thereby energizing the powerline the plaintiff was working

   around when the defendant knew, or should have known
   through prior visual inspection, of the dangerous
   position of the jumper line to the pole's metal bracket;

i. Failed to perform the required safety hazard risk
   assessment before directing and ordering the plaintiff,
   through Entact LLC, to perform work around a high
   voltage powerline;

j. Failed to protect the plaintiff from being electrocuted
   when the defendant knew, or should have known, that the
   plaintiff was standing in a manlift or aerial lift, and
   working near a high-voltage powerline that had not been
   verified to be deenergized and had not been temporarily
   grounded, as the plaintiff was trying to repair, replace
   and/or reposition an unnecessary orange fencing marker
   device on a high-voltage powerline;

k. Knowing that Entact LLC and the plaintiff were not
   certified electricians and/or linemen to perform the
   aforementioned task on November 17, 2021, defendant
   failed to verify that the plaintiff had proper training
   and education about how to safely work around a high-
   voltage powerline;

l. Knowing that Entact LLC and the plaintiff were not
   certified electricians and/or linemen to perform the
   aforementioned task on November 17, 2021, the defendant

    failed to ensure plaintiff could safely achieve zero energy verification when defendant knew that the plaintiff was not provided with an adequately rated test instrument such as a hot stick voltage detection device, and when the defendant knew that the plaintiff was not provided with the required arc flash personal protective equipment;

m. Failed to have a qualified and trained supervisor and manager at the site for safety while the plaintiff was working around a high-voltage powerline with inadequate safety equipment; and

n. Failed to follow the required steps and protocol to provide the plaintiff with an electrically safe work environment.

  18. As a direct and proximate result of one or more pf the aforementioned negligent acts or omissions on the part of the defendant, the plaintiff suffered one or more following injuries and damages;

a. Past and future medical bills;

b. Past and future lost wages;

c. Past and future physical pain and mental suffering;

d. Disfigurement;

e. Disability

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

## COUNT II
### Construction Negligence – Restatement Section 414
### v. Trihydro Corp.

COMES NOW Plaintiff, by and through his counsel and for Count II of his First Amended Complaint against defendant Trihydro, states:

1. – 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count II of his Amended Complaint.

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

## COUNT III
### Premises Liability v. Trihydro Corp.

COMES NOW Plaintiff, by and through his counsel and for Count III of his First Amended Complaint against defendant Trihydro, states:

1. – 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count III of his Amended Complaint.

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

### COUNT IV
### Negligence v. CEMC

COMES NOW Plaintiff, by and through his counsel and for Count IV of his First Amended Complaint against defendant CEMC, states:

1. – 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count IV of his Amended Complaint.

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

### COUNT V
### Construction Negligence – Restatement Section 414 v. CEMC

COMES NOW Plaintiff, by and through his counsel and for Count V of his First Amended Complaint against defendant CEMC, states:

1. – 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count V of his Amended Complaint.

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

## COUNT VI
### Premises Liability v. CEMC

COMES NOW Plaintiff, by and through his counsel and for Count VI of his First Amended Complaint against defendant CEMC, states:

1. – 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count VI of his Amended Complaint.

WHEREFORE, Plaintiff demands judgment against the defendant in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) plus costs.

/s/Thomas Q. Keefe, III
THOMAS Q. KEEFE, III
Ill. Reg. No. 6294376
Attorneys for Plaintiff

**KEEFE, KEEFE & UNSELL, P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS 62226**
**618/236-2221**
**618/236-2194 (Facsimile)**
**Primary Email:** tiffany@tqkeefe.com
**Secondary Email:** keefetq@gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 12, 2024, I electronically filed the FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF filing system.

                                    /s/Thomas Q. Keefe, III
                                    THOMAS Q. KEEFE, III
                                    Ill. Reg. No. 6294376
                                    Attorneys for Plaintiff