IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF ILLINOIS

| | |
|---|---|
| DUEWAYNE SNYDER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TRIHYDRO CORPORATION AND ) | |
| CHEVRON ENVIRONMENTAL ) | |
| MANAGEMENT COMPANY, ) | |
| ) | |
| Defendants. ) | Case No. 3:23-CV-03152-NJR |
| TRIHYDRO CORPORATION ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | Jury Trial Demanded |
| vs. ) | |
| ) | |
| ENTACT, LLC ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Chevron Environmental Management Company ("CEMC" or "Defendant"), by and through its undersigned attorneys, and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states:

**JURISDICTION AND VENUE**

1. CEMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

2. CEMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

3. CEMC admits the allegations in this Paragraph.

4.  The allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is necessary, the allegations are denied.

5.  CEMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph concerning the citizenship of the Plaintiff and Defendant Trihydro Corporation ("Trihydro") and therefore denies that allegation. The remaining allegation in this paragraph constitutes a legal conclusion to which no response is necessary. To the extent a response is necessary, the allegations are denied.

6.  CEMC admits that Plaintiff purports to describe events which occurred in Lawrenceville, Lawrence County, Illinois. CEMC denies that Plaintiff has a cause of action.

7.  The allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is necessary, the allegations are denied.

Facts Common to All Counts

8.  CEMC admits the allegations in this paragraph.

9.  CEMC denies the allegations in this paragraph.

10. CEMC states that the contracts between CEMC and Trihydro and CEMC and Entact LLC ("Entact") speak for themselves and control the relationship and duties as between CEMC and Trihydro and CEMC and Entact. CEMC therefore denies any characterizations or mischaracterizations of the written instrument and the relationships and duties detailed therein. To the extent a further response is required, CEMC denies the remaining allegations contained within this paragraph.

11. To the extent that "defendant" refers to CEMC, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. CEMC states that the rights and duties of CEMC and its independent contractors, Trihydro and Entact, are controlled by the

contracts between CEMC and Trihydro and CEMC and Entact. The contracts speak for themselves and control the relationship and duties as between CEMC and Trihydro and CEMC and Entact. CEMC therefore denies any characterizations or mischaracterizations of the written instrument and the relationships and duties detailed therein. To the extent a further response is required, CEMC denies the remaining allegations contained within this paragraph.

12. To the extent that "defendant" refers to CEMC, CEMC admits that it contracted with Entact to provide services at the Site as described and defined in the relevant contract and Service Orders. CEMC denies any remaining allegations in this paragraph.

13. CEMC lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

14. To the extent that "defendant" refers to CEMC, CEMC denies the allegations in this paragraph.

15. To the extent that "defendant" refers to CEMC, CEMC denies the allegations in this paragraph.

<u>COUNT I</u>
Negligence v. Trihydro Corp.

1-15. CEMC incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

16-18. This claim does not include CEMC as a party, and thus CEMC is not required to submit a response to these allegations. Further, the allegations in these paragraphs constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## COUNT II
Construction Negligence - Restatement Section 414 v. Trihydro Corp.

1-18.   CEMC incorporates its answers to Paragraphs 1 through 18 as if fully set forth herein.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## COUNT III
Premises Liability v. Trihydro Corp.

1-18.   CEMC incorporates its answers to Paragraphs 1 through 18 as if fully set forth herein.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## COUNT IV
Negligence v. CEMC

1-15.   CEMC incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

16.   CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not plead claims against Trihydro and CEMC in the alternative. Further, the

allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

17. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in these paragraphs constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

18. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## COUNT V
Construction Negligence – Restatement Section 414 v. CEMC

1-15. CEMC incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

16. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

17. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

18. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## COUNT VI
Premises Liability v. CEMC

1-15. CEMC incorporates its answers to Paragraphs 1 through 15 as if fully set forth herein.

16. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

17. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in

error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

18. CEMC notes that Plaintiff has incorporated and adopted his allegations in paragraphs 16-18, which were alleged under Counts I-III against Trihydro. This appears to be in error as Plaintiff has not pleaded claims against Trihydro and CEMC in the alternative. Further, the allegations in this paragraph constitute a legal conclusion to which no response is necessary. To the extent a response is required, these allegations are denied, including all sub-parts thereof.

WHEREFORE, Defendant Chevron Environmental Management Company respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Having answered the allegations of the Amended Complaint and having denied any liability whatsoever, CEMC denies any allegations that have not been expressly admitted and, without assuming the burden of proof of any issues where it would otherwise lie on Plaintiff, asserts the following affirmative defenses.

## FIRST DEFENSE

Plaintiff's alleged damages were caused in whole or in part by his own negligent conduct, including but not limited to the fact that he failed to exercise appropriate care for his own safety. Specifically, Plaintiff failed to follow appropriate procedures by failing to observe appropriate methods for his work, consistent with his training and experience, or by undertaking work that he was not qualified to perform, and failing to maintain appropriate awareness of his environment, including but not limited to any open and obvious conditions present on site.

## SECOND DEFENSE

Plaintiff was aware and had knowledge of the existence of the power line, which was open and obvious, and Plaintiff failed to follow appropriate procedures by failing to observe appropriate methods for his work, consistent with his training and experience, or by undertaking work that he was not qualified to perform, and failing to maintain appropriate awareness of his environment, including but not limited to any open and obvious conditions present on site, and assumed the risk of injuries as a matter of law, when he knew he was working under dangerous circumstances but decided to proceed anyway, and for additional reasons that CEMC may discover before trial. Accordingly, Plaintiff's fault was more than 50% as a matter of law.

## THIRD DEFENSE

Plaintiff's alleged injuries and damages were caused, in whole or in part, by the negligence of parties other than CEMC, such that CEMC is entitled to a reduction of any judgment against it based upon the percentage of fault of such third parties.

Further, pursuant to 740 ILCS 100/2, should CEMC be found liable (which it expressly denies), CEMC is entitled to a set off or reduction of the claim against it based on any amounts received by Plaintiff for his injuries from any other party, whether as the result of a judgment or settlement.

## FOURTH DEFENSE

The sole proximate cause of Plaintiff's alleged injuries and damages was the conduct, actions, failure to act, or intervening acts, of Entact. CEMC asserts its right to introduce evidence consistent with its sole proximate cause defense as allowed by the Illinois Supreme Court.

**FIFTH DEFENSE**

Pleading in the alternative to its affirmative defense in the preceding paragraph, the sole proximate cause of Plaintiff's alleged injuries and damages was the conduct, actions, failure to act, or intervening acts, of Trihydro. CEMC asserts its right to introduce evidence consistent with its sole proximate cause defense as allowed by the Illinois Supreme Court.

**SIXTH DEFENSE**

Pleading in the alternative to its affirmative defense in the preceding two paragraphs, the sole proximate cause of Plaintiff's alleged injuries and damages was the conduct, actions, failure to act, or intervening acts, of a third-party, including but not limited to the designer, manufacturer, and/or installer of the equipment involved in the alleged incident. CEMC asserts its right to introduce evidence consistent with its sole proximate cause defense as allowed by the Illinois Supreme Court.

**SEVENTH DEFENSE**

Defendant is only severally liable for the alleged injuries and damages to Plaintiff, if any, to the extent that Defendant's fault is determined to be less than 25% of the total fault attributable to Plaintiff and any other responsible parties.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by 735 ILCS 5/13-214 to the extent they are based on an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property, more than 10 years before Plaintiff filed such claims.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations, including but not limited to 735 ILCS 5/13-214.

## TENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, such claims, on their face and as applied, violate the Excessive Fines and Penalties Clause of the United States Constitution.

## ELEVENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, such claims for punitive damages cannot be sustained because Illinois laws regarding the standards for determining liability for and the amount of punitive damages fail to give CEMC prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of CEMC's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution, common law, and public policy of the State of Illinois.

## TWELFTH DEFENSE

To the extent that Plaintiff seeks punitive damages, such claims for punitive damages cannot be sustained because an award of punitive damages under Illinois law, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would violate CEMC's due process and double jeopardy rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate CEMC's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and Article I, Sections 10 and 21 of

the Illinois Constitution, and would be improper under the common law and public policies of the State of Illinois.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff seeks punitive damages, such claims for punitive damages cannot be sustained because any award of punitive damages would be penal in nature, without according CEMC the same protections that are accorded to all criminal defendants, would violate CEMC's rights guaranteed under the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, and Sections 6, 8, and 10 of Article I of the Illinois Constitution and would be improper under the common law and public policies of the State of Illinois.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by the assumption of risk doctrine.  Plaintiff knew or should have known about the power line, which was open and obvious.  He nevertheless assumed the risk of injury caused by working/operating/navigating close to a power line and by failing to follow appropriate procedures by failing to observe appropriate methods for his work, consistent with his training and experience, or by undertaking work that he was not qualified to perform and failing to maintain appropriate awareness of his environment.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the potential for injuries or damages alleged in the Compliant were not known to CEMC, nor did CEMC have reason to know of the risk of said harm.

## SIXTEENTH DEFENSE

To the extent Plaintiff is awarded damages, CEMC is entitled to offset any such damages, by amounts Plaintiff received or will receive from others for the same injuries claimed in this lawsuit.

## SEVENTEENTH DEFENSE

Plaintiff may have failed to identify one or more indispensable parties to this action.

CEMC incorporates any defense alleged by any other defendant or Third-Party Defendant in this case and reserves the right to assert additional defenses, the applicability of which may be determined following additional investigation and discovery in this action.

WHEREFORE, Defendant CEMC respectfully requests judgment in its favor, costs associated with this action, and any further relief this Court deems appropriate.

Date: November 26, 2024.

ARMSTRONG TEASDALE LLP

By: */s/ Hannah Hope*
Donald M. Flack         #6257897
Jared M. Walsh,         #6334709
Hannah Hope             #6343466
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (Facsimile)
dflack@atllp.com
jwalsh@atllp.com
hhope@atllp.com

ATTORNEYS FOR DEFENDANT
CHEVRON ENVIRONMENTAL
MANAGEMENT COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2024, the foregoing was filed electronically with the Court.

*/s/ Hannah Hope*