## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUEWAYNE SNYDER, SR. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TRIHYDRO CORPORATION, )<br>)<br>Defendant. ) | Case No. 23-cv-3152-NJR. |

### DEFENDANT TRIHYDRO CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

**NOW COMES** the Defendant, **TRIHYDRO CORPORATION**, by and through its attorneys, BULLARO & CARTON, P.C., and in answer to the Plaintiff's First Amended Complaint, states as follows:

### JURISDICTION AND VENUE

1. The plaintiff, Duewayne Snyder Sr, is a resident and Citizen of the State of Illinois.

    **ANSWER:** This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and hence, denies said allegations.

2. The defendant, Trihydro Corporation (hereinafter "Trihydro" or "defendant"), is a Wyoming corporation and has its principal place of business in the State of Wyoming.

    **ANSWER:** This Defendant admits the allegations contained in Paragraph 2.

3. The defendant, Chevron Environmental Management Company (hereinafter "CEMC" or "defendant"), is incorporated and has its principal office in the State of California.

    **ANSWER:** This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and hence, denies said allegations.

4. The amount in controversy between the parties exceeds the sum of $75,000.00 exclusive of interest and costs.

  **ANSWER:**  **This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and hence, denies said allegations.**

 5. Jurisdiction with the court is through diversity of citizenship of the parties under Section 1332(A)(1) of the Federal Rules of Civil Procedure.

  **ANSWER:**  **This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and hence, denies said allegations.**

 6. The event giving rise to plaintiff's cause of action herein occurred in Lawrenceville, Lawrence County, Illinois.

  **ANSWER:**  **This Defendant admits the allegations contained in Paragraph 6.**

 7. Venue is proper with the United States District Court in Benton, Illinois pursuant to Section 1391 (b)(2).

  **ANSWER:**  **This Defendant denies the allegations contained in Paragraph 7.**

## FACTS COMMON TO ALL COUNTS

 8. As of November 17, 2021, the old Indian Refinery – Texaco petroleum refinery in Lawrenceville, Lawrence County, Illinois, ("the site") was a Superfund Site undergoing environmental cleanup work of the site.

  **ANSWER:**  **This Defendant admits the allegations contained in Paragraph 8.**

 9. On or after 2011, Texaco Corporation contracted with Chevron Environmental Management Company ("CEMC") to oversee and manage the environmental cleanup work at the aforementioned refinery.

  **ANSWER:**  **This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and hence, denies said allegations.**

 10. Before November 17, 2021, CEMC contracted with the defendant, Trihydro Corporation, of Laramie, Wyoming, to act as the general contractor in charge of, and in control of, the environmental cleanup work and safety of the site including but not limited to: management responsibilities, safety duties and responsibilities, coordination of work performed, overseeing work performed and approving work permits and projects.

  **ANSWER:**  **This Defendant admits that on or before the date alleged Chevron Environmental Management Company entered into a contract with**

          **this Defendant, but further answering, Defendant denies the remaining allegations contained in Paragraph 10.**

11. At all times relevant herein, the defendant, by and through its employees and agents, had the authority, and exercised the authority from time to time, with right of control of the work performed by the defendant's subcontractors, including the right to inspect the work, coordinate the work, schedule the work, start the work, stop the work, direct the work, change the work, modify the work, coordinate and conduct job safety meetings, oversee job safety progress, enforce safety rules, and stop unsafe work practices.

        **ANSWER:** **This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and hence, denies said allegations.**

12. Before November 17, 2021, the defendant contracted with a subcontractor called Entact LLC to perform environmental remediation work at the site such as removal of contaminated dirt, removal of pipes, removal of tanks and the use of, and maintenance of, heavy equipment.

        **ANSWER:** **This Defendant denies the allegations contained in Paragraph 12.**

13. On and before November 17, 2021, the plaintiff was an employee of the defendant's subcontractor, Entact LLC, where the plaintiff's duties included the aforementioned environmental remediation at the site.

        **ANSWER:** **This Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, and hence, denies said allegations.**

14. On November 17, 2021, the defendant directed Entact LLC to replace, repair and/or reposition orange-colored fencing markers over a refinery high voltage powerline where the orange-colored fencing was allegedly to serve the purpose of warning truck drivers below of the overhead power line and height of the line.

        **ANSWER:** **In so far as the allegations of Paragraph 14 are directed to this Defendant, this Defendant denies the allegations contained in Paragraph 14 and demands strict proof thereof. Further answering, insofar as the allegations of Paragraph 14 are directed to other Defendants, this Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, and hence, denies the same and demands strict proof thereof.**

15. On November 17, 2021, in the morning, the defendant directed Entact LLC and the plaintiff to work in a manlift or aerial lift to replace, repair and/or reposition the orange fencing over a high voltage powerline when the plaintiff was electrocuted causing the injuries and damages to the plaintiff hereinafter alleged.

**ANSWER:** In so far as the allegations of Paragraph 15 are directed to this Defendant, this Defendant denies the allegations contained in Paragraph 15 and demands strict proof thereof. Further answering, insofar as the allegations of Paragraph 15 are directed to other Defendants, this Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations, and hence, denies the same and demands strict proof thereof.

## COUNT I
### Negligence v. Trihydro Corp.

1.– 15. Plaintiff hereby adopts and incorporates the allegations 1 through and including 15 in the preceding paragraphs as and for paragraphs 1 through and including 15 of Count I of his Amended Complaint.

**ANSWER**: This Defendant adopts, realleges, and incorporates its answers to Paragraphs 1-15 above, as and for its answers to Paragraphs 1-15 of Count I as if the same were fully set forth herein.

16. On November 17, 2021, the defendant, had the duty and responsibility to exercise reasonable care in its control over the means, methods, and safety of the plaintiff's work for the protection of the plaintiff while the plaintiff was performing the replacement, repair and/or repositioning of the orange fencing over a high voltage powerline.

**ANSWER:** This Defendant denies the allegations contained in Paragraph 16.

17. On November 17, 2021, the defendant, through its employees and agents, failed to exercise its control with ordinary care in one or more of the following respects:

   a) After the defendant's employee on site attempted to open the manual hand break disconnect switch, the defendant failed to verify that the high voltage powerline the plaintiff was working around was at zero-energy through the use of an adequately rated test instrument such as a hot stick voltage detector;

   b) After the defendant's employee on site attempted to open the manual hand break disconnect switch, the defendant failed to obtain zero-energy on the high voltage powerline the plaintiff was working around by attaching industry standard temporary protection grounding jumper cables;

   c) Directed and ordered an electrically unqualified subcontractor, Entact LLC, and Entact's employee, plaintiff, to perform work near a high voltage power line when the defendant knew, or should have known, that Entact's workers such as the plaintiff were not certified electricians or linemen and were not qualified to work near high voltage powerlines;

d) The defendant did not follow its own Corporate Electrical Safety Plan and LOTO Plan (lock out tag out plan) by directing and ordering a subcontractor, Entact LLC, to perform work near a high-voltage powerline when defendant knew or should have known that Entact and its employees, including plaintiff, were not qualified to perform such work;

e) Directed and ordered a subcontract, Entact LLC, to place an overhead orange fencing marker on an energized high-voltage powerline when the use of such a fence marker was unnecessary at the site;

f) Failed to contact with a qualified electrician and/or lineman to perform the aforementioned work near a high voltage powerline;

g) Failed to prevent a jumper line associated with the aforementioned high voltage powerline, and located near the aforementioned manual hand break disconnect switch, from touching the electrical pole's adjacent metal bracket which hazardously energized the powerline the plaintiff was working around when the defendant knew, or should have known through prior visual inspection, of the dangerous positioning of the jumper line to the pole's mental bracket, thus putting the plaintiff in mortal danger;

h) Failed to warn the plaintiff that a jumper line associated with the aforementioned high-voltage powerline was hazardously energized and touching the adjacent electrical pole's metal bracket thereby energizing the powerline the plaintiff was working around when the defendant knew, or should have known through prior visual inspection, of the dangerous position of the jumper line to the pole's metal bracket;

i) Failed to perform the required safety hazard risk assessment before directing and ordering the plaintiff, through Entact LLC, to perform work around a high voltage powerline;

j) Failed to protect the plaintiff rom being electrocuted when the defendant knew, or should have known, that the plaintiff was standing in a manlift or aerial lift, and working near a high-voltage powerline that had not been verified to be deenergized and had not been temporarily grounded, as the plaintiff was trying to repair, replace and/or reposition an unnecessary orange fencing marker device on a high-voltage powerline;

k) Knowing that Entact LLC and the plaintiff were not certified electricians and/or linemen to perform the aforementioned task on November 17, 2021, defendant failed to verify that the plaintiff had proper training and education about how to safely work around a high-voltage powerline;

l) Knowing that Entact LLC and the plaintiff were not certified electricians and/or linemen to perform the aforementioned task on November 17, 2021, defendant

    failed to ensure plaintiff could safely achieve zero energy verification when defendant knew that the plaintiff was not provided with an adequately rated test instrument such as a hot stick voltage detection device, and when the defendant knew that the plaintiff was not provided with the required arc flash personal protective equipment;

m) Failed to have a qualified and trained supervisor and manager at the site for safety while the plaintiff was working around a high-voltage powerline with inadequate safety equipment; and

n) Failed to follow the required steps and protocol to provide the plaintiff with a electrically safe work environment.

    **ANSWER:** This Defendant denies the allegations contained in Paragraph 17, and further answering, specifically denies each and every allegation contained in subparagraphs 17(a) – 17(n) inclusive.

18. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions on the part of the defendant, the plaintiff suffered one or more the following injuries and damages:

a) Past and future medical bills;

b) Past and future lost wages;

c) Past and future physical pain and mental suffering;

d) Disfigurement;

e) Disability.

    **ANSWER:** This Defendant denies the allegations contained in Paragraph 18.

WHEREFORE, Defendant, **TRIHYDRO CORPORATION,** denies that Plaintiff, is entitled to recover any sum whatsoever of and from this Defendant, and requesting trial by jury, prays the entry of judgment in favor of this Defendant and against Plaintiff with costs and charges on its behalf expended and to have execution therefor.

**COUNT II**
**Construction Negligence – Restatement Section 414 v. Trihydro Corp.**

1– 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count II of his Amended Complaint.

    **ANSWER**:    **This Defendant adopts, realleges, and incorporates its answers to Paragraphs 1-18 of Count I as and for its answers to Paragraphs 1-18 of Count II as if the same were fully set forth herein.**

WHEREFORE, Defendant, **TRIHYDRO CORPORATION,** denies that Plaintiff, is entitled to recover any sum whatsoever of and from this Defendant, and requesting trial by jury, prays the entry of judgment in favor of this Defendant and against Plaintiff with costs and charges on its behalf expended and to have execution therefor.

**COUNT III**
**Premises Liability v. Trihydro Corp.**

1– 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count III of his Amended Complaint.

    **ANSWER**:    **This Defendant adopts, realleges, and incorporates its answers to Paragraphs 1-18 of Count I as and for its answers to Paragraphs 1-18 of Count III as if the same were fully set forth herein.**

WHEREFORE, Defendant, **TRIHYDRO CORPORATION,** denies that Plaintiff, is entitled to recover any sum whatsoever of and from this Defendant, and requesting trial by jury, prays the entry of judgment in favor of this Defendant and against Plaintiff with costs and charges on its behalf expended and to have execution therefor.

**COUNT IV**
**Negligence v. CEMC**

1– 18. Plaintiff hereby adopts and incorporates the allegations 1 through and including 18 of Count I as and for paragraphs 1 through and including 18 of Count IV of his Amended Complaint.

**This Defendant makes no answer to the allegations of Paragraphs 1-18 of Count IV as said allegations are not directed against it and seek no relief from it.**

## COUNT V
## Construction Negligence – Restatement Section 414 v. CEMC

**This Defendant makes no answer to the allegations of Paragraphs 1-18 of Count V as said allegations are not directed against it and seek no relief from it.**

## COUNT VI
## Premises Liability v. CEMC

**This Defendant makes no answer to the allegations of Paragraphs 1-18 of Count VI as said allegations are not directed against it and seek no relief from it.**

WHEREFORE, Defendant, **TRIHYDRO CORPORATION,** denies that Plaintiff, is entitled to recover any sum whatsoever of and from this Defendant, and requesting trial by jury, prays the entry of judgment in favor of this Defendant and against Plaintiff with costs and charges on its behalf expended and to have execution therefor.

Respectfully submitted,

**BULLARO & CARTON, P.C.**

By: _/s/ Thomas A. Carton_
　　　　Thomas A. Carton

Atty #3122259
Thomas A. Carton
BULLARO & CARTON. P.C.
203 North LaSalle Street, 21st Floor
Chicago, Illinois  60601
Phone:　(312) 831-1000
Fax:　　(312) 831-0647
Email:　tcarton@bullarocarton.com