### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUEWAYNE SNYDER, SR. ) | |
| ) | |
| Plaintiff, ) | Case No. 23-3152 |
| ) | |
| vs. ) | |
| ) | |
| TRIHYDRO CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT TRIHYDRO CORPORATION'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, **TRIHYDRO CORPORATION** ("TRIHYDRO"), by and through its counsel, **BULLARO & CARTON, P.C.,** and for its Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff failed to mitigate damages in accordance with the law and therefore certain alleged injuries and damages were not proximately caused by any alleged negligence of Defendant TRIHYDRO.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its First Affirmative Defense.

### SECOND AFFIRMATIVE DEFENSE

1.   If any fault is assessed on the part of Defendant TRIHYDRO, and such fault is less than 25% of the total fault attributable to the Plaintiff and any defendants sued by the Plaintiff, and any third-party defendant, except Plaintiff's employer, then pursuant to 735 ILCS 5/2-1117, Defendant TRIHYDRO is only severally liable for all damages incurred by the Plaintiff, except those relating to medical and medically-related expenses.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its Second Affirmative Defense.

### THIRD AFFIRMATIVE DEFENSE

1. At all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff, DUEWAYNE SNYDER, had a duty to exercise reasonable and due care for his own safety.

2. In derogation of the aforesaid duties, upon information and belief, Plaintiff, DUEWAYNE SNYDER, committed one or more of the following negligent acts and/or omissions:

    a. Failed to use ordinary care while working at the site of the accident;
    b. Failed to use ordinary care in observing his surroundings to avoid reasonably foreseeable injuries;
    c. Failed to follow instructions, directions, policies, and procedures when performing his work at the site of the accident;
    d. Failed to observe and avoid an open and obvious condition;
    e. Failed to obey signs and warnings at the site;
    f. Failed to use appropriate and/or recommended personal protection equipment while performing his work at the site of the accident;
    g. Failed to fully and properly de-energize the electrical lines upon which he was working at the site of the accident; and
    h. Was otherwise careless and negligent in the performance of his duties at the site of the accident.

3. The aforesaid negligent acts and/or omissions by Plaintiff, DUEWAYNE SNYDER, were the proximate cause of the Plaintiff's injuries and/or damages alleged in the Complaint.

4. Plaintiff, DUEWAYNE SNYDER, knew or should have known of the risk of the injuries and damages alleged in the Complaint, but Plaintiff assumed the risk of such injuries and damages, and that assumption of the risk bars Plaintiff's action against TRIHYDRO.

5. If Plaintiff's negligent acts and/or omissions are found to be more than fifty percent of the total proximate cause of Plaintiff's claimed injuries and/or damages under the Complaint,

then pursuant to 735 ILCS 5/2-1116, judgment should be entered in favor of Defendant, TRIHYDRO, and against Plaintiff.

6. If Plaintiff's negligence is found to be less than fifty percent of the total proximate cause of Plaintiff's claimed injuries and/or damages under the Complaint, then any judgment in favor of Plaintiff and against Defendant, TRIHYDRO, shall be reduced by an amount commensurate with Plaintiff's comparative fault.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its Third Affirmative Defense.

### FOURTH AFFIRMATIVE DEFENSE

1. Defendant, TRIHYDRO, did not cause or create the alleged defective or dangerous condition alleged in Plaintiff's complaint, nor did it have actual or constructive notice of the alleged condition.

2. Defendant, TRIHYDRO, did not have possession and control over the site of the accident, the instrumentalities allegedly involved in the Plaintiff's accident, or the conduct of persons working at the site of the accident.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its Fourth Affirmative Defense.

### FIFTH AFFIRMATIVE DEFENSE

1. At all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff, DUEWAYNE SNYDER, had a duty to exercise reasonable and due care for his own safety.

2. In derogation of the aforesaid duties, upon information and belief, Plaintiff, DUEWAYNE SNYDER, committed one or more of the following negligent acts and/or omissions:

    a. Failed to use ordinary care while working at the site of the accident;
    b. Failed to use ordinary care in observing his surroundings to avoid

        reasonably foreseeable injuries;
- c. Failed to follow instructions, directions, policies, and procedures when performing his work at the site of the accident;
- d. Failed to observe and avoid an open and obvious condition;
- e. Failed to obey signs and warnings at the site;
- f. Failed to use appropriate and/or recommended personal protection equipment while performing his work at the site of the accident;
- g. Failed to fully and properly de-energize the electrical lines upon which he was working at the site of the accident; and
- h. Was otherwise careless and negligent in the performance of his duties at the site of the accident.

3. As a direct and proximate result of the foregoing careless and negligent acts and/or omissions, Plaintiff sustained damages. The foregoing careless and negligent acts were the sole proximate cause of Plaintiff's alleged injuries and not the result of any act or omission of this Defendant.

4. In the alternative, the acts or omissions of persons or entities other than this Defendant were the sole, proximate, and/or superseding, intervening cause of the alleged injuries or damages and were not the result of any act or omission of this Defendant.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its Fifth Affirmative Defense.

## SIXTH AFFIRMATIVE DEFENSE

1. At all times relevant to the matters alleged in Plaintiff's Complaint, Plaintiff, DUEWAYNE SNYDER, had a duty to exercise reasonable and due care for his own safety.

2. In derogation of the aforesaid duties, upon information and belief, Plaintiff, DUEWAYNE SNYDER, committed one or more of the following negligent acts and/or omissions:

- a. Failed to use ordinary care while working at the site of the accident;
- b. Failed to use ordinary care in observing his surroundings to avoid reasonably foreseeable injuries;
- c. Failed to follow instructions, directions, policies, and procedures when performing his work at the site of the accident;
- d. Failed to observe and avoid an open and obvious condition;

4

      e.      Failed to obey signs and warnings at the site;

      f.      Failed to use appropriate and/or recommended personal protection equipment while performing his work at the site of the accident;

      g.      Failed to fully and properly de-energize the electrical lines upon which he was working at the site of the accident; and

      h.      Was otherwise careless and negligent in the performance of his duties at the site of the accident.

3.      The alleged dangerous condition which Plaintiff complains in his complaint was an open and obvious condition that the Plaintiff voluntarily encountered.

4.      The Defendant TRIHYDRO was not the source of any distraction to the Plaintiff during the performance of his work at the site of the accident.

5.      The Defendant TRIHYDRO owed the Plaintiff no duty with respect to any allegedly dangerous condition at the site of the accident.

WHEREFORE, the Defendant, TRIHYDRO CORPORATION prays that judgment be entered in its favor and against Plaintiff in accordance with its Sixth Affirmative Defense.

Respectfully Submitted,

**BULLARO & CARTON, P.C.**

By: /s/ *Thomas A. Carton*
      Thomas A. Carton

**BULLARO & CARTON, P.C.**
203 N. LaSalle Street, 21st Floor
Chicago, IL 60601
Tel: (312) 831-1000
Email: tcarton@bullarocarton.com